IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GLEN LAMAR BAILEY,**
**No. 30330-044**

**Petitioner,**

    vs.                                      **Case No. 15-cv-819-DRH**

**JAMES CROSS, JR.**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He argues that under the recent decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), his enhanced career-offender sentence is unconstitutional. Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

### Motion for Leave to File Supplemental Pleading (Doc. 3)

On August 10, 2015, petitioner submitted a proposed supplemental pleading, consisting of a four-page supplement and 18 pages of exhibits. The

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

motion to supplement (Doc. 3) is **GRANTED**, and the Clerk is **DIRECTED** to file the supplement and exhibits.

## The Petition

Petitioner was convicted by a jury in the Eastern District of Missouri, Case No. 03-cr-394, of three offenses: Count 1 – Possession with intent to distribute cocaine base; Count 2 – Possession of a firearm in furtherance of a drug trafficking crime; and Count 3 – Felon in possession of a firearm (Doc. 1, p. 1). He was sentenced to concurrent terms of 300 months and 120 months on Counts 1 and 3, respectively, and received a consecutive 60-month sentence on Count 2. The career-offender enhancement was imposed pursuant to the United States Sentencing Guidelines (USSG) at § 4B1.1 and § 4B1.2(a)(2), based in part on a prior conviction for "unlawful use of a weapon-exhibiting," which the trial court deemed to be a "crime of violence" within the guideline meaning. As a result of the career-offender determination, petitioner's total offense level was raised from 26 to 34, and the corresponding sentencing guideline range increased from 92-115 months to 262-327 months (Doc. 1, p. 10).

Petitioner previously brought a § 2255 motion in which he challenged the career-offender enhancement without success. This proceeding long predated the *Johnson* decision. He now argues that pursuant to *Johnson*, he should be resentenced without the enhancement. Moreover, he asserts that he will be eligible for immediate release if the non-enhanced sentencing guidelines are applied.

## Discussion

The high court held in *Johnson* that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551 (June 26, 2015). Here, petitioner's sentence was enhanced under the career offender provision of the USSG, rather than the residual clause of the ACCA. *See* U.S.S.G. § 4B1.2(a). Nonetheless, the Supreme Court's holding regarding the ACCA is likely applicable to the career offender guidelines. *See United States v. Hampton,* 675 F.3d 720, 730 (7th Cir. 2012) ("The definition of 'crime of violence' in the career-offender guidelines is almost identical to the definition of 'violent felony' in the ACCA; therefore, our case law interpreting the two definitions is interchangeable.").

On August 4, 2015, the Seventh Circuit concluded that *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *Price v. United States*, Case No. 15-2427, 2015 WL 4621024 (7th Cir. Aug. 4, 2015) (authorizing District Court to consider second or successive § 2255 motion seeking relief under *Johnson*). In light of that decision and the possibility that petitioner may be entitled to relief, the government shall be ordered to respond to the instant petition.

However, petitioner should bear in mind the following cautionary note. "Federal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, 'the federal

prisoner's substitute for habeas corpus.' " *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is when a § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), established three conditions for when this exception applies. *Id.* at 610-12. First, a petitioner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir.2013) (citations omitted) (internal quotation marks omitted).

The Seventh Circuit in *Price* authorized the District Court to consider a second or successive § 2255 motion which sought relief pursuant to *Johnson*. *Price v. United States*, Case No. 15–2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015). *Price* seems to suggest that a motion filed pursuant to § 2255 is the appropriate vehicle to bring a *Johnson* claim. If petitioner decides to pursue relief under § 2255, he is advised that because he previously filed a § 2255, he, like the petitioner in *Price,* would need to seek permission to file a second or successive § 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced. *See* 28 U.S.C. § 2244(b)(3).

That being said, the petition pending before this Court was filed pursuant to 28 U.S.C. § 2241, and cannot be re-characterized as a § 2255 motion. In *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that "judges must respect the plaintiff's choice of statute to invoke – whether § 2241, § 2255, or 42 U.S.C. § 1983 – and give the action the treatment appropriate under that law." Because *Johnson* has broken ground in an area with little precedent, and out of an awareness of the pressing nature of petitioner's claim,[2] the Court will allow petitioner to proceed, at least for now, on his theory that a § 2255 motion is inadequate or ineffective.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before October 2, 2015).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. See SDIL-EFR 3.

Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated: September 2, 2015**

Digitally signed by David R. Herndon
Date: 2015.09.02 11:43:53 -05'00'

**United States District Judge**