IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLEN LAMAR BAILEY,

        Petitioner,

vs.                                                        Civil No.  15-cv-819-DRH-CJP

JAMES CROSS,

        Respondent.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

    Petitioner Glen Lamar Bailey, an inmate in the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1).

    In 2003, petitioner was convicted in the Eastern District of Missouri of being a felon in possession of a firearm, possessing more than five grams of cocaine base with intent to distribute, and possessing a firearm in furtherance of a drug trafficking crime. He was sentenced 360 months imprisonment as a career offender under Section 4B1.1. United States Sentencing Guidelines ("Guidelines"). Bailey argues that he is entitled to be resentenced without the career offender enhancement in light of *Johnson v. United States,* ––– U.S. –––, 135 S.Ct. 2551 (June 26, 2015).

    In *Johnson*, the Supreme Court found that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates due process because it is unconstitutionally vague. While petitioner's enhancement was under the Guidelines and not the ACCA, the Supreme Court's holding may

1

still be applicable. *See United States v. Hampton*, 675 F.3d 720, 730 (7th Cir. 2012)("The definition of 'crime of violence' in the career-offender guidelines is almost identical to the definition of 'violent felony' in the ACCA; therefore, our case law interpreting the two definitions is interchangeable."). Respondent argues that Bailey is precluded from making this argument in a §2241 petition.

### Relevant Facts and Procedural History

Bailey was sentenced as a career offender because he had two prior convictions for violent felonies. According to the petition, the predicate crimes were Unlawful Use of a Weapon- Exhibiting, Robbery First Degree and Assault Second Degree. See Doc. 5, pg. 8, 15-19.

Bailey filed a direct appeal with the Eighth Circuit and on August 8, 2005 the Circuit affirmed the sentencing court's rulings. *United States v. Bailey*, 417 F.3d 873 (8th Cir. 2005). The case was reopened in September 2005 in light of the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005). On remand, the Eighth Circuit again affirmed the original sentence. *Bailey, supra.*

In 2007, Bailey then filed a motion under 28 U.S.C. §2255 in the Eastern District of Missouri asserting five claims of ineffective assistance of counsel. The district court denied Bailey's §2255 petition on September 20, 2010. Eastern District of Missouri, 4:07-cv-00830-AGF, R. 1 and R. 27; *Bailey v. United States*, 2007 U.S. Dist. LEXIS 53063 (E.D. Mo. July 23, 2007).

### Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may

not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). See, *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and its progeny.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* the new rule must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Respondent argues, correctly, that this Court cannot entertain Bailey's petition because it does not fit within the savings clause of 28 U.S.C. §2255(e).

Bailey's petition fails to satisfy the first of the *Davenport* conditions because *Johnson* does not announce a new rule of statutory construction. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2563. *Johnson* announces a new rule of constitutional law, and, therefore, cannot be the basis for a §2241 petition. *Brown v. Caraway*, 719 F.3d at 586.[1]

While *Johnson* cannot be the basis for a §2241 petition, it may present

---

[1] The Court again notes that while petitioner's enhancement was under the Guidelines and not the ACCA, the Supreme Court's holding may still be applicable. *See United States v. Hampton*, 675 F.3d 720, 730 (7th Cir. 2012)("The definition of 'crime of violence' in the career-offender guidelines is almost identical to the definition of 'violent felony' in the ACCA; therefore, our case law interpreting the two definitions is interchangeable.").

4

grounds for filing a second or successive §2255 motion in the district where petitioner was convicted. A second or successive §2255 petition requires permission from the appropriate court of appeals, and is allowed when the court of appeals certifies that the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2).

The Seventh Circuit Court of Appeals recently held that *Johnson* announces a new substantive rule of *constitutional law* and, moreover, that the new rule applies retroactively in a collateral attack on a final conviction. *Price v. United States,* 795 F.3d 731, 734 (7th Cir. 2015). Accordingly, the Seventh Circuit granted the petitioner in *Price* permission to file a second or successive §2255 motion pursuant to 28 U.S.C. §2255(h). *Price,* 795 F.3d at 734-35.

If, like the petitioner in *Price*, Bailey decides to pursue relief under §2255, he is advised that because he previously filed a §2255 motion, he must seek permission to file a second or successive §2255 motion with the federal court of appeals of the circuit in which he was sentenced. See 28 U.S.C. § 2244(b)(3). Since he was convicted in the Eastern District of Missouri, the appropriate court would be the Eighth Circuit Court of Appeals. This Court expresses no opinion as to whether the Eighth Circuit would grant petitioner leave to file a second or successive §2255 motion.

Petitioner should note that 28 U.S.C. 2255(f)(3) requires that a §2255 motion relying on a newly-recognized right must be filed within one year from "the

5

date on which the right asserted was initially recognized by the Supreme Court...." *Johnson* was decided by the Supreme Court on June 26, 2015. Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date the newly recognized right was found to be retroactive. *Dodd v. United States,* 125 S. Ct. 2478, 2482 (2005).

As discussed above, petitioner's *Johnson* argument relies on a constitutional case, and not a case of statutory construction. Therefore, his petition does not meet the first of the *Davenport* conditions. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Accordingly, petitioner's §2241 petition (Doc. 1) must be **DISMISSED** with prejudice.

If petitioner wishes to appeal the dismissal of his petition, he may file a notice of appeal with this court within 60 days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

## Conclusion

Glen Lamar Bailey's petition for writ of habeas corpus under 28 U.S.C. §2241 **(Doc. 1)** is **DISMISSED** with prejudice.

The Clerk of Court is directed to enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**Signed this 21st day of September, 2015.**

Digitally signed by
David R. Herndon
Date: 2015.09.21
09:50:18 -05'00'

**United States District Judge**